## Bateson v. Bureau of Medical Education and Licensure, etc.

*Mandamus—Jurisdiction—Common Pleas of Dauphin County—License of physician—Medical Council of Pennsylvania—Board of Medical Education and Licensure—Act of June 19, 1913.*

1. The Act of June 19, 1913, P. L. 526, amending the Act of June 8, 1893, P. L. 346, relating to mandamus, does not confer upon the courts of Dauphin County jurisdiction to issue writs of mandamus to the Board of Medical Education and Licensure.

2. The fact that such jurisdiction is conferred with reference to the "Medical Council of Pennsylvania and the several Boards of Medical Examiners, etc.," which council and boards had been superseded by the Board of Medical Education and Licensure, does not justify an interpretation of the plain words of the statute so as to include therein the board which was not mentioned.

3. The Court of Common Pleas of Dauphin County does not have jurisdiction to issue mandamus to compel the Board of Medical Education and Licensure to annul its action in revoking the license of a physician.

Mandamus, petition and return. C. P. Dauphin Co., Commonwealth Docket, 1921, No. 22.

*Milton W. Lowry,* of Scranton, for plaintiff.

*George E. Alter,* Attorney-General, and *Sterling G. McNees,* Deputy Attorney-General, for defendant.

Fox, J., Feb. 14, 1922.—In this case an alternative writ of mandamus was issued on the petition of the plaintiff, wherein he prayed that the respondent be commanded and required to annul its action in revoking the license of the petitioner and depriving him of his right to practice medicine and surgery in this Commonwealth, and that it be compelled to restore to him all rights and privileges which he enjoyed as a practicing physician and surgeon prior to this action of the bureau.

To this writ the defendants, by Sterling G. McNees, Esq., Deputy Attorney-General of the Commonwealth, made a return, in which, amongst other matters, the question of jurisdiction is raised, and we are confronted at the threshold of the case by the question of the jurisdiction of this court.

The Act of Assembly approved June 19, 1913, P. L. 526, which is an amendment to "An act relating to mandamus," approved June 8, 1893, P. L. 346, provides: "That the several Courts of Common Pleas shall, within their respective counties, have the power to issue writs of mandamus to all officials and magistrates elected or appointed in or for their respective counties, or in or for any township, district or place within such county; . . . and the Court of Common Pleas in the county in which the seat of government is or may be located shall have the power and shall be required to issue a writ of mandamus to the Lieutenant-Governor, the Secretary of the Commonwealth, the Attorney-General, the Secretary of Internal Affairs, the Superintendent of Public Instruction, the State Treasurer, the Auditor General, the Insurance Commissioner and Commissioners of Sinking Fund, the Medical Council of Pennsylvania and the several boards of medical examiners, etc." The act, as thus amended, has not been repealed or amended, and is still in force.

The defendant, the Bureau of Medical Education and Licensure, was created by the Act of Assembly approved June 3, 1911, P. L. 639, and was in force at the time of the passage of the amendment of the act relating to mandamus. The Act of 1911, creating the Bureau of Medical Education and Licensure, attached this bureau to the Department of Public Instruction, and provides, *inter alia,* that the said bureau shall consist of seven members, two of whom, the Superintendent of Public Instruction and the Commissioner of

1 D. & C.

Health, shall be *ex-officio* members thereof, and the five remaining members shall be appointed by the Governor of the Commonwealth, etc., and repealed by section 14 thereof the act establishing a Medical Council and three State Boards of Medical Examiners. The Medical Council consisted of the Lieutenant-Governor, the Attorney-General, the Secretary of Internal Affairs, the Superintendent of Public Instruction and the president of the State Board of Health and Vital Statistics and the president of the three State Boards of Medical Examiners; and the Board of Medical Examiners consisted of one representative of the Medical Society of the State of Pennsylvania, one representative of the Homeopathic Medical Society of the State of Pennsylvania, one representative of the Eclectic Medical Society of the State of Pennsylvania. At the time of the passage of the Amendment of 1913, relating to mandamus, the Medical Council and the three State Boards of Medical Examiners were no longer in existence. The Bureau of Medical Education and Licensure is differently constituted and has greater powers and duties than the Medical Council of Pennsylvania and Boards of Examiners had.

The jurisdiction of the courts of Pennsylvania to issue writs of mandamus is statutory. Interesting historical sketches of this jurisdiction are found in the dissenting opinion of Mr. Justice Mestrezat in the case of Com. *v.* Barnett, 199 Pa. 161, and by Kunkel, J., in the case of Farnham *v.* Pennsylvania State Board of Examiners for Registration of Nurses of the State of Pennsylvania, 15 Dauphin Co. Reps. 38.

In the latter case this court said, *inter alia:* "The defendant board does not fall within the provisions of the Act of 1836, as amended by the Acts of 1881 and 1885, nor within the provisions of the Act of 1893, its Amendment of 1899, or its further Amendment of March 19, 1903, P. L. 32. It is not a local board, nor are its members officers elected or appointed in and for the respective county or any sub-division or place therein, nor is it, nor are they, a corporation having its chief place of business or doing business or having its property in whole or in part within the County of Dauphin. It was created by the Act of May 1, 1909, P. L. 321, after the enactment of the legislation in which are enumerated the various State officers and State boards with respect to which the special jurisdiction in mandamus was conferred upon this court, and, of course, it is not mentioned among them. The jurisdiction of the court being wholly statutory, and the statutes on the subject not including the defendant board, it follows that we are without jurisdiction in the premises against the objection of the defendant." We think this case is applicable to the case now under consideration. The Amendment of June 19, 1913, P. L. 526, confers no authority upon us with respect to mandamus on the Bureau of Medical Education and Licensure. This bureau is not a local board, nor are its members or officers elected or appointed in and for this county or any sub-division or place therein, nor is it, nor are they, a corporation having its chief place of business or doing business or having its property in whole or in part within the County of Dauphin. It is not the same body as the Medical Council of Pennsylvania and the several Boards of Medical Examiners; it is differently constituted and has a greater scope of duties and powers, and, although having been created for the same general purposes, yet its entity and identity are different from those of the Medical Council and Boards of Medical Examiners. The language of the act is plain and admits of but one reference and meaning, and that is, to the Medical Council and Boards of Medical Examiners. We cannot change it; we cannot add to it; we cannot legislate. When the legislature, in the Amendment of 1913, included the Medical Council of Pennsylvania and the several Boards of

Medical Examiners, it may have meant thereby the Bureau of Medical Education and Licensure, but we must take the act in its plain terms and not extend it to something not named in its terms.

In 25 Ruling Case Law, 961, it is said: "The intention and meaning of the legislature must primarily be determined from the language of the statute itself and not from conjectures *aliunde*. When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning. This principle is to be adhered to, notwithstanding the fact that the court may be convinced by extraneous circumstances that the legislature intended to enact something very different from that which it did enact. The current of authority at the present day is in favor of reading statutes according to the natural and most obvious import of the language, without resorting to subtle and forced construction for the purpose of either limiting or extending their operation."

Endlich on the Interpretation of Statutes, page 6, says: "It is, therefore, only in the construction of statutes whose terms give rise to some ambiguity, or whose grammatical construction is doubtful, that courts can exercise the power of controlling the language in order to give effect to what they suppose to have been the real intention of the law makers."

The jurisdiction of the court being wholly statutory, and the defendant not being named or included in the statute, we, against the objection of the defendant, are without jurisdiction in the matter.

It is, therefore, unnecessary to consider the other matters in the case.

The proceeding is, therefore, dismissed, at the plaintiff's cost.

From William Jenkins Wilcox, Harrisburg, Pa.